IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP, *et al.*,<br><br>Debtors. | Chapter 11<br>Bankruptcy Case No. 14-10979 (CSS)<br>Jointly Administered |
| SHIRLEY FENICLE, INDIVIDUALLY, AND AS SUCCESOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, *et al.*,<br><br>Appellants,<br><br>v.<br><br>THE EFH PLAN ADMINISTRATOR BOARD, *et al.*,<br><br>Appellees. | Appeals from the Bankruptcy Court<br><br>Civil Action No. 18-877-RGA<br>BAP No. 18-33<br><br>Civil Action No. 18-878-RGA<br>BAP No. 18-34<br><br>CONSOLIDATED APPEALS |
| SHIRLEY FENICLE, INDIVIDUALLY, AND AS SUCCESOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, *et al.*,<br><br>Appellants,<br><br>v.<br><br>THE EFH PLAN ADMINISTRATOR BOARD, *et al.*,<br><br>Appellees. | |

## MEMORANDUM ORDER

Pending before the Court is an Appeal from an Order of the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court") dismissing Appellants' Motion for

1

Establishment of a Reserve Fund ("Reserve Motion") as moot. (No. 18-878, D.I. 1; Bankr. No. 14-10979, D.I. 13179). The issue has been fully briefed by the parties (No. 18-877, D.I. 31, 38, 39), and the Court heard oral argument on November 20, 2018. Appellant asserts the Bankruptcy Court erred in dismissing the Reserve Motion as moot after denying its substantial contribution application. (D.I. 31 at 42). Appellee asserts (1) Appellants waived their right to appeal the mootness issue, (2) that the Bankruptcy Court did not err in determining the motion was moot, and (3) if dismissal was error, the motion should not be granted. (D.I. 38 at 38, 42, 44).

**First**, Appellants have not waived their right to appeal the Bankruptcy Court's order denying the Reserve Motion as moot. Appellants clearly objected to this determination when they requested to certify an appeal to the Third Circuit. (A001805:6-7). A later failure to object to the form of the order does not waive the substantive argument that the motion is not moot.

**Second**, whether to grant a reserve motion is a decision squarely within the discretion of the Bankruptcy Court. As both parties recognize, nothing in the Bankruptcy Code or case law requires a bankruptcy court to set a reserve for a disallowed claim, though courts may choose to require a party to do so. (Hr'g Tr. at 13:21-22, 14:6-9; D.I. 44 at 35).

**Third**, if the Bankruptcy Court thought a reserve motion should be granted because a reversal on the confirmation plan or substantial contribution appeals was likely, it would not have dismissed the Reserve Motion as moot. Moreover, the Bankruptcy Court stated that it believed it was unlikely that Appellant's confirmation appeal would be successful. (A001803-05). In conjunction with the Bankruptcy Court's determination that Appellants had not yet made a substantial contribution to the estate to warrant fees (Bankr. No. 14-10979, D.I. 12926), the Bankruptcy Court's dismissal is tantamount to a denial of the Reserve Motion.

**Fourth,** the Court therefore finds that the Bankruptcy Court's dismissal of the Reserve Motion (which I consider to be the equivalent of a denial on the merits) was within its discretion, and that the Bankruptcy Court did not abuse its discretion in doing so.

At oral argument, Appellants pressed for an expedited decision on the Reserve Motion appeal. Appellants argued that the confirmed plan would soon be implemented and that the $675 million fund would be exhausted once the plan was implemented. Throughout the oral argument, Appellants emphasized that there are no stays preventing the funds from being disbursed. (Hr'g Trans. at 10:19-23, 12:19-21). In response, Appellees argued the proper remedy was for Appellants to seek a stay while pursuing their appeals on the substantial contribution issues. (*Id.* at 35:25-36:3, 36:18-24). Appellants have not done so. (*Id.* at 53:4-5). My understanding is that Appellants may still request a stay of the implementation of the confirmation plan. The Court expresses no opinion on whether a motion to stay, if requested, should be granted.

For the foregoing reasons, IT IS HEREBY ORDERED that the Bankruptcy Court's Order (Bankr. No. 14-10979, D.I. 13179) is AFFIRMED.

Entered this 26 day of November, 2018.

_____
United States District Judge

3