IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP, *et al.*,<br><br>Debtors. | Chapter 11<br>Bankruptcy Case No. 14-10979 (CSS)<br>Jointly Administered |
| SHIRLEY FENICLE, INDIVIDUALLY, AND AS SUCCESOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, *et al.*,<br><br>Appellants,<br><br>v.<br><br>THE EFH PLAN ADMINISTRATOR BOARD, *et al.*,<br><br>Appellees. | Appeals from the Bankruptcy Court<br><br>Civil Action No. 18-877-RGA<br>BAP No. 18-33<br><br>Civil Action No. 18-878-RGA<br>BAP No. 18-34<br><br>CONSOLIDATED APPEALS |
| SHIRLEY FENICLE, INDIVIDUALLY, AND AS SUCCESOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, *et al.*,<br><br>Appellants,<br><br>v.<br><br>THE EFH PLAN ADMINISTRATOR BOARD, *et al.*,<br><br>Appellees. | |

## MEMORANDUM ORDER

Pending before the Court is an Appeal from an Order of the United States Bankruptcy

Court for the District of Delaware ("the Bankruptcy Court") denying Appellants' Substantial

1

Contribution Application. (No. 18-877, D.I. 1-1).[1] The issues have been fully briefed by the parties. (D.I. 31; D.I. 35; D.I. 38, D.I. 39). The Court heard oral argument on November 20, 2018. (D.I. 42). For the following reasons, the Order denying Appellants' Substantial Contribution Application is affirmed.

Appellants[2] assert that the Bankruptcy Court erred in denying their application when it held that 1) Appellants could not receive reimbursement for attorney's fees because Appellants did not pay those fees themselves and 2) that Appellants had not made a substantial contribution. (D.I. 31 at 29-42). Appellees EFH Plan Administrator Board and United States Trustee assert that the Bankruptcy Court did not err. (D.I. 38 at 17; D.I. 35 at 40).

This Court reviews legal determinations of the Bankruptcy Court *de novo*, and factual determinations for clear error. *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 966 (2018). "Whether a creditor has made a substantial contribution within the meaning of [11 U.S.C.] § 503(b)(3)(D) is a question of fact, 'and it is the bankruptcy court that is in the best position to perform the necessary fact finding task.'" *In re Tropicana Entm't LLC*, 498 F. App'x 150, 152 n.3 (3d Cir. 2012) (quoting *Lebron v. Mechem Fin., Inc.*, 27 F.3d 937, 946 (3d Cir. 1994)).

Section 503(b)(4) of the Bankruptcy Code allows "reasonable compensation for professional services rendered by an attorney . . . of an entity whose expense is allowable" under subparagraph (b)(3)(D), and "reimbursement for actual, necessary expenses incurred by such attorney." Section 503(b)(3)(D) allows a creditor's expenses where the creditor has made a

---

[1] All docket item references in this opinion refer to C.A. No. 18-877 unless otherwise specified.
[2] Appellants Fenicle and Fahy are creditors in the bankruptcy proceedings who filed timely proofs of claim. (D.I. 31 at 22). Appellants Jones, Heinzmann, Bissel, Carsol, Albini, and Bergschneider are Unmanifested Asbestos Claimants. (*Id.* at 26). Appellants Charlotte and Curtis Liberda moved the Bankruptcy Court to appoint a legal representative for the Unmanifested Asbestos Claimants in 2015. (*Id.* at 24).

"substantial contribution" in a Chapter 11 case. To show that it has made a "substantial contribution" under § 503(b)(3)(D), the applicant must show that its efforts "resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." *Lebron*, 27 F.3d at 944. The Bankruptcy Court determined that Appellants failed to make this required showing. I agree.

**First**, Appellants argue their assumption of "the role that ordinarily would have been expected of a court-appointed representative, regardless of the success of their efforts" constitutes a "substantial contribution." (D.I. 31 at 40). This argument is unavailing. The Bankruptcy Court determined that an independent legal representative for the Unmanifested Asbestos Claimants was not required. (D.I. 36 at USA238-239, Tr. at 115:16-116:1). In doing so, the Bankruptcy Court pointed to the E-Side Committee's "vigorous representation of asbestos related creditors." (*Id.*, Tr. 115:24-116:1). Appellants did not appeal that determination. As the Bankruptcy Court held, Appellants were therefore not acting in place of a representative, but in duplication of the court-appointed representative, the E-Side Committee.[3]

Furthermore, I agree with the Bankruptcy Court that "just being a committee or being a representative isn't enough. That committee or representative capacity has to result in some positive actions that benefit all creditors and the estates as a whole." (D.I. 34 at A1803, Tr. 105:20-24). "[E]xtensive participation in a Chapter 11 case, without more, is not a sufficient basis for 503(b) status." *In re KiOR, Inc.*, 567 B.R. 451, 460 (D. Del. 2017); *see also In re Summit Metals*, 379 B.R. 40, 53 (Bankr. D. Del. 2007). The cases cited by Appellants also support this conclusion. *See In re Williams*, 49 F. App'x 845, 850 (10th Cir. 2002) (affirming substantial contribution award where applicant's efforts helped obtain a conversion order, defend that order on appeal, and obtain a change of venue); *In re Bayou Group LLC*, 431 B.R. 549, 564-

---

[3] Additionally, Appellants Fenicle and Fahy were both members of the E-Side Committee. (D.I. 31 at 22).

3

65 (S.D.N.Y. 2010) (substantial contribution was made by unofficial creditors' committee when it successfully moved for the appointment of a receiver); *In re Gen. Electrodynamics Corp.*, 368 B.R. 543, 555-56 (Bankr. N.D. Tex. 2007) (finding that applicant's "efforts at least contributed to (1) Debtors' proposal of a 100% plan; (2) various protections and a capital infusion that make the Plan feasible; and (3) Debtor's attendance to its fiduciary duties"). Therefore, to grant a substantial contribution application, the Court must have evidence that the participation of the creditor in a representative capacity created "an actual and demonstrable" benefit.

**Second**, Appellants have not provided any evidence that their efforts "resulted in an actual and demonstrable benefit." *Lebron*, 27 F.3d at 944. The Bankruptcy Court made the following factual findings:

- the Appellants have fought against the debtors' ability to reorganize for years;
- the Appellants' efforts on behalf of the Unmanifested Asbestos Claimants has not resulted in any changes to the Plan or to the case benefitting those Claimants;
- the Appellants' efforts have not created "a material benefit" to either the estate as a whole or to the majority of the asbestos creditors.

(D.I. 34 at A1804-05, Tr. at 106:24-107:1). The record supports these conclusions. The only evidence Appellants submitted to the Bankruptcy Court with the Substantial Contribution Application were fee records. (D.I. 33 at A994-97, A1439-41, A1477-80). Appellants argue that they are not required to submit corroborating evidence from another party because the Court may make factual findings from its own first-hand observance of the proceedings. (D.I. 39 at 12-13 (quoting *In re Ocean Blue Leasehold Prop. LLC*, 414 B.R. 798, 809 (Bankr. S.D. Fla. 2009))). However, this argument further buttresses the Bankruptcy Court's factual determinations in light of Appellants' failure to carry their evidentiary burden. Appellants submitted no evidence of substantial contribution. The Bankruptcy Court drew on its observance of Appellants' activities

4

in the case to determine that no substantial contribution was made. Appellants have not demonstrated that the Bankruptcy Court clearly erred in determining that their efforts did not result in an actual and demonstrable benefit.

**Finally**, Appellants argue that the Court should either 1) consider the possibility of Appellants' success in their ongoing appeal of the Confirmation Order[4] or 2) order the Bankruptcy Court to postpone determination of the application until that appeal has concluded. (D.I. 31 at 40-41, 49). The possibility of success on the ongoing appeal of the confirmation order should not be considered here. The mere possibility of future success in an ongoing appeal is not an "actual and demonstrable benefit" as required by the Bankruptcy Code. Moreover, "[t]he substantial contribution test is applied in hindsight." *See KiOR*, 567 B.R. at 458. Therefore, it is improper to consider future action or results thereof when considering a substantial contribution application. Additionally, I do not think the Bankruptcy Court erred by not deferring determination on the substantial contribution application until after the appeal of the Confirmation Order.

For the foregoing reasons,[5] the Order denying Appellants' Substantial Contribution Application (No. 18-877, D.I. 1-1) is AFFIRMED.

Entered this 30 day of January, 2019.

_____
United States District Judge

---

[4] (No. 18-381, D.I. 1-1).
[5] As I have determined that the Bankruptcy Court correctly assessed the merits of Appellants' Substantial Contribution Application, I will not address the Bankruptcy Court's alternative grounds for its decision.

5